<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 11a0400n.06

No. 10-3705

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ARDJAN VUKAJ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |

**FILED**

***Jun 14, 2011***

LEONARD GREEN, Clerk

Before: KEITH, MARTIN, and COOK, Circuit Judges.

PER CURIAM. Ardjan Vukaj, proceeding through counsel, petitions this court for review of the order of the Board of Immigration Appeals denying his applications for asylum and withholding of removal under the Immigration and Nationality Act and protection under the Convention Against Torture. Vukaj has also moved for a stay of removal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a)(2)(C).

Vukaj is a native and citizen of Albania. He filed an application for asylum and withholding of removal on October 6, 2003, claiming that he entered the United States on January 20, 2003. In an oral ruling, the Immigration Judge denied Vukaj's applications for asylum, withholding of removal, and protection under the Torture Act, and denied his application for voluntary departure. The Board assumed, without deciding, that Vukaj's claims were credible and that they established past persecution. Nonetheless, the Board dismissed the appeal, finding that the Department of Homeland Security had met its burden of establishing that conditions had sufficiently changed in

Albania such that Vukaj no longer had a well-founded fear of persecution. The Board also found that Vukaj's past persecution was not so severe that it would be inhumane for the United States to return him to Albania.

Vukaj argues that he has established a well-founded fear of future persecution through his credible testimony and documentary evidence. He also argues that the changed conditions in Albania do not affect his individual situation. Finally, Vukaj argues that the Board erred in finding his past persecution was not so severe to merit humanitarian asylum.

"Where the BIA provides its own reasoning . . . rather than summarily affirming the IJ, we review the BIA's decision as the final agency determination." *Sanchez v. Holder*, 627 F.3d 226, 230 (6th Cir. 2010). We review a decision as, "any administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Ndrecaj v. Mukasey*, 522 F.3d 667, 677 (6th Cir. 2008) (internal quotation marks omitted). We review questions of law de novo; however, a determination that the petitioner failed to establish eligibility for asylum will be upheld as long as substantial evidence supports that determination. *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007).

To qualify for asylum, an applicant must qualify as a refugee and must merit a favorable exercise of discretion by the Attorney General. *Ndrecaj*, 522 F.3d at 674. A refugee is someone "who is unable or unwilling to return to his country because of persecution or a well-founded fear of persecution on account of his or her race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (internal quotation marks omitted). Past persecution raises a rebuttable presumption of a well-founded fear of future persecution. *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007). However, the Attorney General "may rebut that presumption by showing that conditions in the applicant's country have changed so that the applicant no longer has a well-founded fear of persecution." *Id.* (internal quotation marks omitted).

In his application for asylum, Vukaj pointed to a history of political persecution – first by the Communist Party, and then by the Socialist Party. He asserted that the Communist government held his family in an internment camp in the 1980s, and that he was later beaten by members of the

Socialist Party in 2003, after they found his Democratic Party membership card. During his hearing, Vukaj stated that his home region is controlled by the Socialist Party, and that he would face persecution if he returned to his home.

However, substantial evidence supports the Board's conclusion that Vukaj no longer has a well-founded fear of political persecution. A 2006 profile of Albania, by the State Department, noted that elections in 2005 "were conducted in a noticeably improved environment with little of the violence or intimidation that marred previous elections." The profile also noted that "there have been no outbreaks of political violence since 1998, and the available evidence suggests that neither the Government nor the major political parties engage in policies of abuse or coercion against their political opponents." The State Department's 2007 Country Report found that there were no reports of politically motivated disappearances, and no reports that the government or its agents committed arbitrary or unlawful killings. We have echoed these conclusions, having "repeatedly concluded that the conditions in Albania have improved to such an extent that there is no objective basis for a well-founded fear of future persecution based on political or religious beliefs." *Ceraj*, 511 F.3d at 593. Vukaj has not provided any evidence to refute the government's evidence of fundamentally changed political conditions. *See Liti v. Gonzales*, 411 F.3d 631, 640 (6th Cir. 2005).

Vukaj counters this argument and states he should have been granted asylum based on the severity of his past persecution. Under 8 C.F.R. § 1208.13(b)(1)(iii), humanitarian asylum can be available where the applicant has suffered under egregious forms of persecution in the past, but faces little likelihood of future persecution. *Ben Hamida v. Gonzales*, 478 F.3d 734, 740-41 (6th Cir. 2007). Humanitarian asylum is available only in rare instances, and will often require detailed testimony and lengthy documentation of the past persecution. *Id.* at 740; *Klawitter v. INS*, 970 F.2d 149, 153-54 (6th Cir. 1992).

We agree that substantial evidence supports the Board's conclusion that Vukaj did not suffer the extreme persecution required for humanitarian asylum. Vukaj was in the internment camp from the time he was two years old, until the time he was nine years old. He stated that he was beaten by the communists for trying to jump the fence to escape. Vukaj's mother, Atrina, testified that Vukaj

was beaten for leaving school during the middle of the day to get something to eat. Vukaj also noted that he was beaten by police with poles and sticks in 2003 because of his membership. This testimony is insufficient to support humanitarian asylum. *See Klawitter*, 970 F.2d at 153.

Vukaj also applied for withholding of removal. However, because Vukaj has failed to establish his eligibility for asylum, it follows that he cannot satisfy the more stringent standard for withholding of removal. *Ndrecaj*, 522 F.3d at 677.

The petition for review is denied. The motion for a stay of removal is also denied.